# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Abstract of PENDING CASES

No. 852

SCHAFFER v. SCHAFFER

No. 19311.  Supreme Court

On motion to certify.  Dock. Aug. 7, 1925, 3 Abs. 499.

**413. DIVORCE AND ALIMONY—Can court make a division of property upon final hearing and take property from one or the other party without first finding that one or the other has violated one of then ten grounds for divorce or one of the six grounds for alimony?**

Ethel Schaffer was granted a divorce from Henry Schaffer in the Montgomery Court of Domestic Relations and in substance found that the allegations set forth in the husband's cross petition and those in the wife's petition and cross petition are not sustained and are both dismissed; that he pay $5.00 per week for the support and maintenance of a minor child, having the right to see her at all reasonable times; that the household furniture be sold and the proceeds thereof be divided equally; that the real estate upon which the husband's blacksmith shop is located, be sold, and the proceeds thereof divided between the parties, each to pay one half of the mortgage indebtedness.  The judgment was affirmed by the Court of Appeals.

The case was filed in the Supreme Court on motion to certify and it is contended by Schaffer that the lower court in finding that the allegations set forth in the plaintiff's petition and cross petition and those set up in the defendant's cross petition were not sustained, and in dismissing both; found that neither party had violated any of the ten grounds for divorce, nor that either party had violated any of the six grounds for which alimony might be allowed under 11997 GC.  It is claimed that the court was not warranted in rendering the judgment and in dividing the property, when neither of the parties were guilty of any aggressions.

"A proceeding for alimony does not invoke the equity powers of the court but is controlled by statute.  The court is only authorized to exercise such power as the statute expressly gives, and such as is necessary to make its orders and decrees effective."  Marleau v. Marleau, 95 OS. 162.  It is contended that if the court had no equity powers and only such as is given it by statute, by rendering such a judgment it exceeded its authority.

It is claimed that until Henry Schaffer was found guilty of gross neglect of duty or extreme cruelty as charged, the court was without authority in attempting to take from him his property.  "Upon petition of the wife for alimony alone, the trial court is not authorized to make an equitable division of the husband's property, but is confined by 11998 GC. to make and award as alimony for her maintenance and support during separation."  Durham v. Durham, 104 OS. 7., and on page 11, "The award whether denominated alimony or share of the property, is made only where divorce has been obtained."

It is claimed that the lower court, in total disregard of this decision, proceeded to divide the property without granting a divorce and without finding the husband guilty of any of the grounds under the statute for divorce or the statute authorizing alimony.

**Attorneys—Egan & Delscamp for Henry Schaffer; Daniel Nevins for Ethel Schaffer; all of Dayton.**